## UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

*Thomas Liam Murphy, Esq., et al. v. Phantom Technologies, Inc., et al.*, 1:25-cv-03060 (MMG)

Re: Joint Initial Conference Letter

June 18, 2025

Dear Judge Garnett,

Per your Honor's Notice of Initial Pretrial Conference on April 30, 2025, ECF No. 11 (the "Order"), Plaintiffs submit this letter, joined where expressly indicated (*i.e.*, "Phantom's Statement") by counsel for Defendant Phantom Technologies, Inc. ("Phantom").

### I.     Nature of the Case

***Plaintiffs' Statement***: Plaintiffs' claims arise from Phantom's deliberate failure to operate and market its virtual currency trading platform in compliance with federal and New York-state laws designed to protect consumers.  As a consequence of Phantom's regulatory evasion, on January 20, 2025, Michal Ireneusz Ryduchowski, a Polish national, stole lead-plaintiff and lawyer, Liam Murphy's private key—created and secured by the Phantom wallet application—from his browser logs, used that stolen key to take over Liam's Phantom account, and placed a series of unauthorized virtual currency swaps through Phantom's "Swapper," which liquidated over $500,000 of Liam's "layer two" cryptocurrency, "Wiener Doge."  The other Plaintiffs are Liam's family and friends who held Wiener Doge tokens at the time of the attack.

<u>First</u>, the Complaint alleges that Phantom, through its partnership with Aux Cayes Fintech Co. Ltd. d/b/a OKX ("OKX"), operates a non-compliant virtual currency trading platform that facilitates anonymous virtual currency swaps via its "Swapper" feature without registering with the Commodity Futures Trading Commission ("CFTC") as a swap execution facility ("SEF") or complying with the requirements under the Commodity Exchange Act ("CEA") for operating an SEF (Claim 1).  *See* ECF No. 1 (Complaint) (Apr. 14, 2025) at ¶¶ 135–75.

<u>Second</u>, the Complaint alleges that Phantom, through its partnership with OKX, operates as a non-disclosure introducing broker ("IB") facilitating virtual currency transactions between U.S. retail consumers and unregulated market makers and liquidity providers, in exchange for fees from both parties for this execution service, without registering with the CFTC as an IB or complying with the requirements under the CEA for acting as an IB (Claim 2).  *See id.* at ¶¶ 176–217.

<u>Third</u>, the Complaint alleges that Phantom, through its partnership with OKX, operated a virtual currency trading application but (1) failed to monitor or supervise transactions for suspicious or fraudulent virtual currency swaps, (2) failed to disclose or deter unauthorized swaps, (3) made material misrepresentations and omissions about the security and safety of its virtual currency trading application, and (4) deliberately evaded and violated U.S. regulatory requirements under the CEA that apply to virtual currency trading platforms (Claim 3).  *See id.* at ¶¶ 218–66.

*Fourth*, the Complaint alleges that Phantom is negligent *per se* for failing to implement mandatory cybersecurity protections under 23 NYCRR Part 500, including (1) adequate private key encryption, (2) multi-factor authentication, (3) transaction monitoring, (4) risk-based cybersecurity policies, (5) testing of cyber defense infrastructure, and (6) an incident response plan capable of responding to cybersecurity breaches (Claim 4). *See id.* at ¶¶ 267–304.

*Fifth*, the Complaint alleges that Phantom acted with reckless disregard to its users' crypto funds stored in wallets created and protected by its application. Phantom claimed online that its "Crypto Wallet" offered "best-in-class" security, but Phantom failed to implement (1) adequate cybersecurity protections, (2) transaction safeguards, and (3) an incident response protocol designed to prevent and catch criminals victimizing its users (Claim 5). *See id.* at ¶¶ 305–57.

*Sixth*, the Complaint alleges that Phantom acted deceptively and materially misled novice U.S. and New York consumers about the security and safety of its crypto trading application, fronting as a "crypto wallet," in violation of federal and state consumer protection statutes. For example, Phantom misrepresented that its crypto wallet offered "best-in-class" security and was a more secure crypto storage platform than a centralized exchange (Claim 6). *See id.* at ¶¶ 358–88.

*Seventh*, the Complaint alleges that Phantom had actual knowledge of cybersecurity hackers victimizing Phantom users and that those hackers were utilizing its application to facilitate money laundering of stolen crypto. The Complaint further alleges that Phantom knew that the cybercriminal hacker who attacked Liam was utilizing Phantom's application to launder the ill-gotten gains, yet intentionally concealed the criminal's identity and refused to provide know-your-customer information to assist law enforcement investigations (Claim 7). *See id.* at ¶¶ 389–411.

**Phantom's Statement**: Phantom strongly denies all allegations of wrongdoing and asserts that the claims lack legal and factual merit and accuracy. Phantom refers the Court to its Motion to Compel Arbitration and to Dismiss (ECF 16-18), which addresses these issues in detail.

## II.    Case Posture

**Plaintiffs' Statement**: <u>Service</u>: On April 14, Plaintiffs filed the Complaint (ECF No. 1). On April 16, Plaintiffs served Phantom with the certified summons. *See* ECF No. 15 (Affirmation of Service). On May 29, Plaintiffs attempted service on Defendant OKX by emailing the summons and complaint to Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), which had previously corresponded on OKX's behalf. *Id.* ¶ 14. On June 2, Skadden responded that it was not authorized to accept service on OKX's behalf. *Id.* ¶ 15. That same day, Plaintiffs requested that OKX waive formal service under Rule 4(d), attached waiver forms, and reminded Skadden of OKX's obligation to avoid unnecessary costs. *Id.* ¶ 15. Skadden has not responded.

<u>KYC Demands</u>: On June 15, Stake.com produced KYC data identifying Michal Ireneusz Ryduchowski as the owner of the Stake.com account that was used to launder stolen funds from the criminal's Phantom wallet Solana address. On June 16, MEXC likewise produced records identifying Ryduchowski as the owner of a MEXC account that received substantial transfers from the criminal's Phantom wallet Solana address. Plaintiffs have made three written requests for Phantom to produce KYC data associated with the criminal's Phantom wallet address, but Phantom's counsel has declined to provide any such data.

<u>Amendment</u>: Plaintiffs reserve the right to amend the Complaint to add the following entities and individuals as defendants: (1) Michal Ireneusz Ryduchowski (Polish national), (2) Brandon Millman, (3) Chris Kalani, (4) Francesco Agosti, (5) Kevin Jacobs, (6) OKX Technology, Inc., (7) OKX Technology Services Pte. Ltd., (8) MEXC, and (9) Stake.com.  Plaintiffs also reserve the right to designate this action as a representative case for a putative class action.

<u>Motions</u>: Plaintiffs intend to oppose Phantom's motion to compel arbitration and dismiss the Complaint (ECF Nos. 16, 18), as well as Phantom's motion to disqualify counsel (ECF Nos. 19–20).  Despite repeated requests from Plaintiffs, Phantom has yet to provide *<u>any proof that Liam Murphy agreed to the Terms of Service or any arbitration clause</u>*.  This evidentiary gap, coupled with the text of the CEA and the effective vindication doctrine, preclude enforcement of any purported arbitration agreement.

***Phantom's Statement***: On June 16, 2025, Phantom filed a motion to compel arbitration against Plaintiff Murphy, and to dismiss the Complaint in its entirety with prejudice.  ECF 16-18.  Under the briefing schedule set by the Court, Plaintiffs' opposition is due by July 25, 2025, and Phantom's reply is due by August 8, 2025.  ECF 12.  On June 16, 2025, Phantom filed a separate motion to disqualify Plaintiff Murphy as counsel for Plaintiffs.  ECF 19-20.  Phantom contests the accuracy of Plaintiffs' assertions above, opposes any amendment of the Complaint not expressly permitted by the Federal Rules of Civil Procedures ("Rules"), and has repeatedly referred Plaintiffs to the Rules' procedures governing discovery.

### III.    Discovery

***Plaintiffs' Statement***: Discovery should commence on the default timeline outlined in your Honor's Civil Case Management Plan.  *See* Exhibit A (side-by-side case schedule) and B (Plaintiff's Draft Civil Case Management Plan).  Plaintiffs will be prejudiced by any delay and have an urgent need to serve discovery.  Plaintiffs respectfully submit that good cause does not exist for a stay and request an opportunity to oppose any such motion in writing.

***Phantom's Statement***: Phantom <u>does not consent</u> to Plaintiffs' proposed Civil Case Management Plan and objects to Plaintiffs' characterization of Phantom's position regarding discovery set forth in this letter and their two exhibits.  Phantom intends to seek a stay of discovery pending resolution of its motion to compel arbitration and to dismiss the Complaint, as good cause exists for a stay under Fed. R. Civ. P. 26(c) and the Federal Arbitration Act based on the pendency of Phantom's dispositive motions and the procedural posture of the case.  Phantom is prepared to address this issue at the June 25, 2025 conference or, alternatively, to submit a letter-motion for a stay pursuant to Rule II.A.6. of the Court's Individual Rules.  In light of its anticipated request for a stay of discovery, Phantom respectfully submits that the Court should defer entry of a Civil Case Management Plan until the stay issue is resolved.

### IV.    Settlement

***Plaintiffs' Statement***: Plaintiffs have repeatedly offered to settle this case, including formal and good faith offers on January 27, March 20, and June 5.

***Phantom's Statement***: Phantom has participated in settlement discussions with Plaintiffs.  At this time, Phantom believes that a resolution is unlikely to be reached in the near future.

Respectfully submitted,


/s/ *T. Liam Murphy, Esq.*
Thomas Liam Murphy, Esq.
liam@murphyslawcrypto.com
(913) 575-0540
Attorney Bar Code # 5853759
Licensed to Practice in the S.D.N.Y.

*Counsel for Plaintiffs*